By the Court,

Cowen, J.
This is an action by the second against the first endorser of a foreign bill of exchange, drawn at Rochester, N. Y., on B. Williams & Co. of Boston, Massachusetts. The bill was at thirty days from date, and was presented by a Boston notary for acceptance several days before maturity. Acceptance was declined, and a certificate of protest for non-acceptance drawn up in due form by the notary. The same certificate stated the due transmission of the proper notices to the drawer and endorsers; but the notary’s seal was not impressed upon wax, wafer or any tenacious substance. It was stamped upon the paper. Independently of this certificate, no sufficient proof of notice to the defendant was given on the trial.
It was suggested in argument that the bill should have been presented for payment; but this was clearly unnecessary, if notice of non-acceptance was proved. (Chitty on Bills, 372, Am. ed. of 1839.)
The other points presented are much more difficult. . The first is, that the notarial protest was without any seal in the common law sense of the term. No local law of Massachusetts is shown, giving it the force of a seal in that state. The 2 R. S. 325, 2d ed. § 75, authorizing seals of courts and officers to be made by a direct impression on paper, has no force beyond our own territory. These things being so, I apprehend we cannot recognize the stamp in question as a seal, consistently with Warren v. Lynch, (5 John. R. 239.) True, the protest professes to be sealed, but the note in Warren v. Lynch professed the same; and the scrawl “(L. S.)” was conceded to be valid as a seal in Virginia where it was made: yet held, that it was inoperative as a seal here, because not impressed on wax, wafer, or some other tenacious substance.(a) The *229 case cited was afterwards followed in Andrews v. Herriot, (4 Cowen, 508,) wherein the court said, the question related merely to the remedy; for the contract so sealed should have effect here, though not as a covenant.(b) So in the case at bar. we might give effect to the original protest, by holding it sufficient under the law of Massachusetts, that being shown. Indeed, there is considerable doubt whether any seal is strictly requisite; whether the notary’s signature alone, that being proved in the ordinary way, would not be enough any where. That the signature alone is sufficient, seems to be clear under the civil law. (Dom. B. 2, tit. 1, art. 29. Id. tit. 5, § 5. Postleth. Diet. Notary.) And the English notary is a civil and canon law officer, appointed by the archbishop of Canterbury. (2 Burn. Eccl. Law, Notary. Byles on Bills, 146.) Many of the English books mention the notary’s signature as sufficient, without alluding to a seal as at all necessary. Molloy says simply, when speaking in respect to the protest of a foreign bill, “it must be made in writing;" (Moll. B. 2, ch. 10, § 17;) and that, “ beyond seas, the protest under the notary’s hand is sufficient.” (Id. ch. 10, § 25. Vid. also Cunningh. on Bills, 40. Byles on Bills, 146. Mal. 267, ed. of 1656, ch. 7. 2 Burn, ut supra. Chitty on Bills, Am. ed. of 1839, p. 362, 642, a. Anon., 12 Mod. 345. Dupays v. Shepherd, Cas. Temp. Holt, 296, 7.) The form of a domestic protest required by the stat. 9 and 10 W. 3, ch. 17, § 1, does not import a seal. (1 Beawes, 557, Chilly's ed. 1 Selw. N. P. 337, Am. ed. of 1839. 10 Pick, stat. at large, 141.)
On these books I should doubt a good deal whether any seal be necessary by the English law to authenticate the original protest, were it not for a late learned work which has expressed itself very strongly that it is, and that too when speaking of a protest for non-acceptance. (Brooke's Office of Notary, 73, Lond. ed. of 1839.) At a previous *230 page, however, he admits that notarial acts need not always be under seal, but that the notary may certify facts or circumstances by a written instrument under his signature only. (Id. p. 7.) What acts require a seal, and what not, he omits to declare. Nor does he cite authorities showing that a seal is essential to a protest of any kind. He no doubt, however, speaks according to a practice which is almost universal, when he requires a seal to the protest for non-acceptance and the like protests in respect to commercial paper; a practice which he had extensive means of observing as a notary at Liverpool. From what I have been able to see of his directions and precedents, I infer that he considers a seal important, if not essential, to notarial protests of most kinds. This may be so at common law,- though I apprehend the form must, in this respect as well as every other, he received as sufficient, if it conform to the law of the place where the protest is made. (Chit., on Bills, 363, Am. ed. of 1839.) The protest is said to be a part of the constitution of a foreign bill of exchange. (Id. 361, 2.) The form may, therefore, be properly governed by the lex loci contractus. Indeed, where a seal to the protest is required by that law, it cannot be dispensed with. (Tickner v. Roberts, 11 Lou. Rep. (Curry) 14. Vid. 3 Kent’s Com. 92, 3, 4th ed.)
But whatever be the rule as to the frame of the original, when the protest or an authenticated copy comes as evidence, it must claim to be received upon the footing of the lex fori. (Story’s Confl. of Laws, 526, 2d ed. § 634, a, to 635, d, and the cases there cited. Brown v. Thornton, 6 Barn. & Adolph. 185.) And it would be going too far to say, contrary to what is believed to be the universal practice, that a protest, purporting to have been made by a notary, should be received as evidence, per se, without a seal. In The King v. The Scrivener’s Company, (10 Barn. Cress. 518,) Lord Tenterden said, “many documents pass before notaries, under their notarial seal, which gives effect to them, and renders them evidence in foreign courts’* In Las Caygas v. Larionda’s Syndics, (4 Mart. Lou. Rep. *231 283, 5,) Mathews, J. said, “ In case of protested bills of exchange, the certificate of a notary public, authenticated by his seal of office, is received in the courts of the United States as full proof of the drawee’s refusal to accept or pay the bill.” (Vid. 3 Kent’s Com. 93, 4th ed. note, b.) I am not aware of any case wherein the protest has been received as, in itself, such full proof without being authenticated by seal. It may be proof, perhaps, where the act first appears to have been done under a local law by an officer who has no official seal. (Caune v. Sagory, 4 Mart. Lou. Rep. 81.) But we are asked to sanction its reception as absolute proof, without any thing appearing to excuse the want of such a formality. This we think cannot be done.
Suppose the protest had been duly authenticated, was the addition of a certificate stating notice of protest to the defendant admissible ? It was said to be evidence by Johnson, J. in Cape Fear Bank v. Stinemetz, (1 Hill’s Law Rep. S. Car. 45;) and what I said in Halliday v. McDougall, (20 Wend. 85,) is now relied upon, and perhaps rightly, as intimating an impression that he was right. The point decided in the last case was, however, that the giving of notice being the usual, not official duty of the foreign notary, and he being dead, the entry in his official record of notice being sent might be received by way of memorandum as secondary evidence. I admitted that it might not be his official business; and instituted no particular examination whether it was or not. The learned counsel for the plaintiffs has not been able to furnish any thing more than what I there mentioned, going to support the notary’s certificate as evidence of notice. I have been equally unsuccessful after considerable search. On the contrary, I find it expressly asserted in Brooke’s Office of Notary, pp. 79 and 139,) that the giving of notice is no part of his province or duty as notary. In the late case of Fitler v. Morris, (6 Whart. 406, 415, March T. 1841,) this very question was a good deal considered- by the supreme court of Pennsylvania; and they held, that though by the local law of that state, the giving of notice is a notarial *232 act, and on that ground proveable by his certificate, yet. this is an exception to the common law. They therefore refused to receive a notarial certificate made in Alabama, as evidence of notice, or any thing beyond the presentment and nou-acceptance.(c) I am entirely satisfied that such is the law of England and this state.
It is scarcely necessary to observe, that our statute, (Sess. 56, p. 395,) relative to proof of notice by certificate, applies to none other than notaries of this state.
There must be a new trial; the costs to abide- the event.
New trial granted.(d)

 As to the doctrine of the several states in respect to what constitutes a seal, see Cowen & Hill’s Notes to Phil. Ev. 1277 to 1281

 And see Douglass et al. v. Oldhamt (6 N. Hamp. Rep 150;) Trasher v. Everhart, (3 Gill & John. 234;) Steele v. Curie, (4 Dana's Rep. 382, 3.)

 As to the local law of Alabama, see Whitman, &c. v. The Farmers’ Bank of Chattahoochie, (8 Porter’s Rep. 258.)

 See Dunn v. Adams et al. (1 Alab. Rep. 527, new series.)